UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| OLYMPUS HEALTHCARE | ) | Case Nos. 01-01849 to 01-01858 (MFW) |
| GROUP, INC., *et al.*, | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| CRAIG JALBERT, Liquidating | ) | |
| Supervisor for OLYMPUS | ) | |
| HEALTHCARE GROUP, INC., *et al.*, | ) | |
| | ) | Adversary Proceeding No. |
| Plaintiff, | ) | |
| | ) | A 03-53411 (PBL) |
| v. | ) | |
| | ) | |
| CAHCF ASSISTANCE CORPORATION, | ) | Related Documents: 39, 41, 43 |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER DENYING MOTION OF DEFENDANT
FOR AN ORDER SETTING ASIDE THE DEFAULT AND DEFAULT JUDGMENT**

The matter before the Court is the Motion of Defendant Katharine B. Sacks, as Receiver of Five Facilities Formerly Owned and Operated by Pegasus Management Company, Inc., for an Order Setting Aside the Default and Default Judgment Pursuant to Federal Rules of Civil Procedure 55(c) and 60(b)(4) and (6), as Incorporated by Federal Rules of Bankruptcy Procedure 7055 and 9024 (the "Motion"), filed on February 22, 2005. For the reasons set forth below, the Motion will be denied.

**Background**

This adversary proceeding was commenced on May 23, 2003 by Plaintiff Craig Jalbert,

1

the Liquidating Supervisor for Olympus Healthcare Group, Inc., *et al.*, (hereinafter referred to as "Plaintiff"), seeking to avoid and recover one allegedly preferential transfer in the amount of $234,000.00 (the "Transfer").  The original defendant, CAHCF Assistance Corporation (hereinafter refer to as "CAHCF") responded to the Complaint on May 5, 2004 with its Answer and Counterclaim for Interpleader.  CAHCF disclaimed any interest in the Transfer and sought to join Pegasus Management Company, Inc. (hereinafter referred to as "Pegasus") and U.S. Nursing Corporation (hereinafter referred to as "U.S. Nursing") as defendants to the proceeding.[1]

At a hearing on September 1, 2004 before this Court, it was determined that upon deposit of the Transfer into an escrow account with the Clerk of this Court, CAHCF would be dismissed from the action.  Furthermore, it was determined that both Pegasus and U.S. Nursing be served with the original complaint and joined as defendants to the proceeding.  Orders to that effect were entered and Plaintiff was directed to effect formal service of process on Pegasus, which was not present for the September 1 hearing.[2]

According to the certificate of service, Plaintiff served the Summons and Complaint on Ms. Katharine B. Sacks (hereinafter referred to as "Ms. Sacks" or "Defendant"), as Receiver for Pegasus Management Company, Inc., on October 12, 2004 by first class mail.  Defendant had thirty days to respond to the Complaint but did not do so, and a Default and Default Judgment were entered on January 14, 2005, and February 14, 2005, respectively.

Katharine B. Sacks, as Receiver of Five Facilities Formerly Owned and Operated by

---

[1] According to CAHCF's Answer and Counterclaim for Interpleader, CAHCF was holding the Transfer in escrow until a dispute between the six nursing facilities operated by Pegasus and U.S. Nursing could be resolved.

[2] Counsel for U.S. Nursing agreed to waive any service issues as to the Complaint.

Pegasus Management Company, Inc., moves this Court to vacate the Default and the Default Judgment pursuant to Fed. R. Civ. P. 55(c) and 60(b)(4). Briefing on the Motion has concluded, and the matter is ready for decision.

### Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1334 and 157(b)(1) and it is a core proceeding under 28 U.S.C. §157(b)(2), (A), (B), (F) and (O). Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1409.

### Standard of Review

Federal Rule of Civil Procedure 55(c) provides a mechanism by which a default may be set aside for good cause shown. It also provides that if judgment by default has been entered, it may likewise be set aside in accordance with Fed. R. Civ. P. 60(b). Rule 55 is made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7055, and Rule 60 is made applicable to this proceeding by Fed. R. Bankr. P. 9024.

Under Rule 60(b), upon motion within a reasonable time, a court may grant relief from a final judgment for, *inter alia*, mistake, inadvertence, surprise, or excusable neglect, because the judgment is void, or for any other reason justifying relief from the operation of the judgment. Rule 60(b)(4) provides that a void judgment shall be set aside, and subsection (6) sets forth the catch-all provision, providing that for any other reason justifying relief, a court may set aside a a final order, judgment or proceeding.

### Discussion

Defendant's brief sets forth several grounds upon which Defendant believes that the Default and Default Judgment must be set aside. Ms. Sacks first contests the sufficiency of the

service of process in this proceeding, arguing that this Court lacks *in personam* jurisdiction over her due to the failure of proper service, and as a result, Defendant had no duty to defend. Ms. Sacks states that the Superior Court of the Judicial District of Hartford of Connecticut appointed her as the receiver of the five nursing facilities owned and operated by Pegasus, by Order dated October 19, 2001. (Defendant's Memorandum of Law in Support of the Motion Setting Aside Default and Default Judgment, at ¶ 10) She contends that as a nursing home receiver, she is an agent of the Superior Court of Connecticut and that the Superior Court of Connecticut is a department of the state. (Id., at ¶ 13) Further, as an officer of the State of Connecticut, service of the Complaint in this proceeding should have been made on the Attorney General of the State of Connecticut pursuant to Bankruptcy Rule 7004(b)(6),[3] rather than upon Ms. Sacks personally by first class mail.[4]

Plaintiff opposes the Motion arguing that Ms. Sacks had actual notice of the Complaint and chose not file a response at her own risk. She also had notice of the Motions for Default and Default Judgment and again chose not to respond until after judgment had been entered. Plaintiff contends that service by first class mail was proper pursuant to Bankruptcy Rule 7004(b). Plaintiff asserts that Ms. Sacks' argument that, as an officer of the state, service was required to

---

[3] Fed. R. Bankr. P. 7004(b)(6) provides that service shall be made,
"(6) Upon a state or municipal corporation or other governmental organization thereof subject to suit, by mailing a copy of the summons and complaint to the person or office upon whom process is prescribed to be served by the law of the state in which service is made when an action is brought against such a defendant in the courts of general jurisdiction of that state, or in the absence of the designation of any such person or office by state law, then to the chief executive officer thereof."

[4] Ms. Sacks also contends that the Default Judgment should be vacated because service was addressed to her as "Receiver, Pegasus Management Company, Inc." and she is not the corporate receiver for Pegasus Management Company, Inc. and is not authorized to receive process for Pegasus. This however, is a minor defect in process and did not prejudice Defendant who was well aware that she was the intended recipient.

be made upon the Connecticut Attorney General, is misplaced because Connecticut law provides that service upon the state "may" be upon the Attorney General. (Plaintiff's Brief in Objection to Motion Setting Aside Default and Default Judgment, at 6) This Court agrees.

Ms. Sacks has not presented sufficient evidence to persuade this Court that Ms. Sacks, in her capacity as Receiver of the Facilities of Pegasus Management, Inc., is an agent of the state and that therefore, service was required to be made pursuant to Connecticut law. Ms. Sacks has failed to offer any credible evidence to support such a finding, and therefore, this Court declines to make such a finding. At most, she has merely shown that she is the receiver appointed by the Superior Court of Connecticut for the five facilities.

Moreover, even had this Court found that Ms. Sacks was an agent of the state, the Connecticut statute states that service "may" be made by leaving a copy of the process with the Attorney General. The Connecticut General Statute § 52-64 provides:

> Service of civil process in any civil action or proceeding maintainable against or in any appeal authorized from the actions of, or service of any foreign attachment or garnishment authorized against, the state or against any institution, board, commission, department or administrative tribunal thereof, or against any officer, servant, agent or employee of the state or of any such institution, board, commission, department or administrative tribunal, as such, may be made by leaving a true and attested copy of the process, including the declaration or complaint, with the Attorney General or at his office in Hartford.

Conn. Gen. Stat. § 52-64. Ms. Sacks urges this Court to interpret this provision as being mandatory, based upon the fact that there was no alternative means of service provided for in § 52-64. Ms. Sacks points to § 4-160(e), which directs that process against the state shall be served as provided by § 52-64. Because § 4-160(e) mandates service according to § 52-64, she contends

that there being no other option for service other than upon the Connecticut Attorney General in § 52-64, service must therefore be made in that manner. However, the use of the word "may" makes it evident from the plain wording of the statute that it is permissive in nature. The statute provides no indication that a mandatory intent was intended or implied.

    Ms. Sacks also argues that the weight of authority in Connecticut courts indicates that the provision requires service upon the Attorney General. Upon review of the relevant cases involving interpretation of § 52-64, there appears to be is a split of authority on whether service upon the Attorney General is mandated by the statute. Ms. Sacks urges the Court to adopt the line of cases which have held that the language of § 52-64 is mandatory. *See*, *Gothberg v. Caliendo*, 2000 WL 966144, *1 n. 1 (Conn.Super., 2000) (service of process on the state is to be made upon the Attorney General); *Gavigan v. Commissioner of Revenue Services*, 2002 WL 207587 (Conn.Super., 2002) (appeal dismissed where pro se plaintiff failed to serve the Attorney General); *Langer v. Comm. on Human Rights and Opportunities*, 2000 WL 727014, * 2 (Conn.Super., 2000) (motion to dismiss granted where pro se plaintiff failed to serve the Attorney General); *Marion v. Marion*, 1998 WL 351900, **4-5 (Conn.Super., 1998) (finding service of process insufficient where service of the complaint was not upon the Attorney General).

    However, Plaintiff points out that there is competent and relevant authority to the contrary. Several Connecticut courts have undertaken an analysis of the provision, and have determined and held that service upon the Attorney General is permissive. See, *Paecht v. Kelly*, 1995 WL 70339, *1 (Conn.Super., 1995) (reasoning that the word "may" is generally not considered mandatory and holding that service on the Attorney General is optional); *Pack v.*

*Burns*, 212 Conn. 381, 562 A.2d. 24 (Conn., 1989) (service upon employee of state commission was proper); *Cummins v. D'Oyen*, 1995 WL 43771, at *2 (Conn.Super., 1995) (concluding that the language of § 52-64 is directory rather than mandatory).  It is the view of this Court, that § 52-64 does not mandate service of process upon the Connecticut Attorney General but rather provides an optional or alternative method of service upon the State.

This Court finds that service by first class mail upon Defendant was sufficient and proper under Bankruptcy Rule 7004, and that this Court therefore obtained jurisdiction over Defendant.  Ms. Sacks' contention that the Default and Default Judgment must be set aside pursuant to Rule 60(b)(4) because it is void is therefore without merit.

Defendant has also asserted that the Default and Default Judgment must be set aside as void because Plaintiff did not serve notice of the Request for Default Judgment upon counsel for Ms. Sacks, and therefore, failed to comply with Fed. R. Civ. P. 55(b)(2).  The Court finds this contention is also without merit because Plaintiff's certificate of service indicates that Ms. Sacks personally was served on February 8, 2005 and further, Ms. Sacks sent Plaintiff's counsel correspondence evidencing that she was not represented by counsel and would retain counsel in the future.[5]

Lastly, Defendant urges this Court to vacate the Default Judgment under Fed. R. Civ. P. 60(b)(6), arguing that the Third Circuit does not favor default judgments.  However, Ms. Sacks has not put forth any evidence in the Motion that Defendant has a meritorious defense to this action.  Ms. Sacks had actual notice of the institution of this proceeding and took no steps to

---

[5] This Court also notes that no appearance was made by counsel or Defendant in this adversary proceeding.

avoid the entry of Default Judgment against Defendant. Plaintiff has already taken steps to formally approve a settlement agreement with U.S. Nursing in this matter. This Court finds that Defendant has failed to prove sufficient grounds for relief under Fed. R. Civ. P. 60(b)(6).

## Conclusion

Based upon the foregoing, the Motion of Defendant Katharine B. Sacks, as Receiver of Five Facilities Formerly Owned and Operated by Pegasus Management Company, Inc., for an Order Setting Aside the Default and Default Judgment is therefore **DENIED**.

Dated: June 23, 2005          BY THE COURT:
       Wilmington, DE

                              PAUL B. LINDSEY
                              UNITED STATES BANKRUPTCY JUDGE