## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | : | |
| | : | Jointly Administered |
| OLYMPUS HEALTHCARE GROUP, INC, *et al.*, | : | Case Nos. 01-1849 |
| | : | through 01-1858 (WS) |
| Debtors. | : | |
| _____ | : | |
| CRAIG JALBERT, Liquidating Supervisor for | : | |
| OLYMPUS HEALTHCARE GROUP, INC. *et al.*, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Adv. Pro. No. 03-53411(PBL) |
| | : | |
| CAHCF ASSISTANCE CORPORATION, | : | Re: Adv. D.I. 51, 53, 60 and 63 |
| | : | |
| Defendant. | : | |

## REPLY BRIEF IN SUPPORT OF MOTION OF KATHARINE B. SACKS, AS RECEIVER OF FIVE FACILITIES FORMERLY OWNED AND OPERATED BY PEGASUS MANAGEMENT COMPANY, INC., FOR STAY PENDING APPEAL

Mark W. Eckard (No. 4542)
REED SMITH LLP
1201 Market Street, Suite 1500
Wilmington, DE 19801
Telephone:  (302) 778-7518
Facsimile: (302) 778-7575

Counsel for Katharine B. Sacks, Receiver
for Five Facilities Formerly Owned and
Operated by Pegasus Management Co., Inc.

## Table of Contents

<u>Page(s)</u>

INTRODUCTION ...................................................................................................................1

STATEMENT OF FACTS ......................................................................................................1

ARGUMENT .........................................................................................................................3

      I.      The Default Judgment Opinion and Order was Based on a Wholly  Legal
              Decision; Every Facet of the Default Judgment Opinion and Order is Subject to
              *de novo* Review in the District Court …..................................................................3

      II.     Within the District of Delaware, "Likelihood of Success on the Merits of the
              Appeal" Means that an Appellant Has a Substantial or Strong Case on Appeal ....6

CONCLUSION.......................................................................................................................8

i

## Table of Authorities

**Cases**                                                                                    **Page(s)**

Brunswick Leasing Corp. v. Wisconsin Central, Ltd.,
    136 F.3d 521, 526 (7th Cir. 1998) ................................................................3

Galland v. Bishop,
    2001 WL 56474 at *2 (Conn. Super. Ct. 2001) ............................................3, 5

Hallas v. Boehmke & Dobosz, Inc.,
    686 A.2d 491, 499 (Conn. 1997) ...............................................................3, 4

Howard v. Dallas Morning News, Inc.,
    918 S.W.2d 178, 185 (Ark. 1996)....................................................................4

Manes v. Coats,
    941 P.2d 120, 123 (Alaska 1997).....................................................................3

McDermott v. Calvary Baptist Church,
    819 A.2d 795, 799 (Conn. 2003) ....................................................................1

Mitchell v. Ford Motor Credit Co.,
    688 P. 42, 47 (Okla. 1984)...............................................................................4

Morgan v. Polaroid Corp. (In re Polaroid Corp.),
    2004 WL 253477 at *1 (D. Del. 2004) .....................................................6, 7, 8

Olsen v. Vail Associates Real Estate, Inc.,
    935 P.2d 975, 980 (Colo. 1997)......................................................................3

In re Public Service Company of New Hampshire,
    116 B.R. 347 (Bankr. D.N.H. 1990) .............................................................6, 7

Russo v. McAviney,
    112 A. 657, 659 (Conn. 1921) .........................................................................3

Schwartz v. Brownlee,
    482 S.E.2d 827, 828 (Va. 1997).......................................................................3

In re The Columbia Gas System, Inc.,
    1992 U.S. Dist. LEXIS 3253 *4 (D. Del. 1992) ............................................6, 7

The Hertz Corp. v. ANC Rental Corp. (In re ANC Rental Corp.),
    2002 WL 1058196 at *2 (D. Del. 2002) ........................................................6, 8

**State Statutes**

Conn. Gen. Stat. § 52-64..................................................................................................6

**Other**

Restatement (Second), 1 Agency § 1 (1958) ..................................................................4

Restatement (Second), 1 Agency § 1, comment b (1958) ..............................................4

## INTRODUCTION

Katharine B. Sacks ("Ms. Sacks"), as the State of Connecticut's receiver for five nursing home facilities located within the territorial jurisdiction of Connecticut and formerly owned and operated by Pegasus Management Company, Inc. (the "Five Facilities") files this Reply Brief in response to the Joint Objection (the "Objection to Motion for Stay Pending Appeal") of the Liquidating Supervisor (the "Plaintiff") and U.S. Nursing Corp. ("U.S. Nursing") to the Motion of Ms. Sacks for Stay Pending Appeal (the "Motion for Stay Pending Appeal").

## STATEMENT OF FACTS

Although the facts of this matter are generally not in dispute, certain facts require clarification. In the Memorandum of Law (the "Brief in Support") of the Motion of Ms. Sacks for an Order Setting Aside Default and Default Judgment Pursuant to Fed.R.Civ.P. 55(c) and 60(b)(4) and (6), as Incorporated by Fed.R.Bankr.P. 7055 and 9024 (the "Motion to Vacate the Default Judgment"), Ms. Sacks stated that, "[a]s a nursing home receiver appointed pursuant to Conn. Gen. Stat. §§ 19a-543(3) and 542, Ms. Sacks is an agent of the Superior Court of Connecticut. The Superior Court of Connecticut is a department of the [State of Connecticut]." Brief in Support of Motion to Vacate Default Judgment at ¶ 13 (Adv. D.I. No. 39). Ms. Sacks provided the Court with undisputed facts in support of the existence of an agency relationship between Ms. Sacks and the State of Connecticut.

> Pursuant to the Order of Receivership, certain statutory duties are imposed upon Ms. Sacks, including without limitation, possession of all items necessary to control the physical plant of the Five Facilities, maintenance of separate bank accounts for the Five Facilities, assuring proper care and treatment of the patients of the Five Facilities, assuring compliance with the Connecticut Public Health Code and other government regulations, and taking all steps necessary to assure the financial stability and success of the Five Facilities. Also pursuant to the Order of Receivership, Ms. Sacks was ordered to make monthly reports to the state for the first six

1

> months of the receivership, and quarterly reports thereafter. Ms.
> Sacks' compensation was established by the State pursuant to the
> Order of Receivership and Ms. Sacks cannot be paid without the
> approval of the Connecticut Superior Court. Further evidencing
> her role as an agent of the State of Connecticut, Ms. Sacks takes
> direction in her duties from the Connecticut Superior Court, under
> the advice and consent of the Connecticut Department of Social
> Services, which finances the receivership.

Id.

In the Objection of the Liquidating Supervisor and U.S. Nursing Corp. to the Motion to Vacate Default Judgment (the "Objection to Motion to Vacate Default Judgment") and every other paper touching upon the Motion to Vacate Default Judgment, the Liquidating Supervisor and U.S. Nursing have stated and restated at great length and in great detail the facts concerning the Liquidating Supervisor's transmittal of the interpleader complaint in this matter by U.S. Mail to Ms. Sacks – a fact that has never been challenged by Ms. Sacks.

The Liquidating Supervisor and U.S. Nursing have never disputed, however, any of the individual facts relied upon by Ms. Sacks in support of her statement that, as the State of Connecticut's nursing home supervisor for the Five Facilities, Ms. Sacks is an agent of the State of Connecticut. Although the Liquidating Supervisor and U.S. Nursing have challenged the existence of an agency under the law, the Liquidating Supervisor and U.S. Nursing have never disputed any of the facts relied upon by Ms. Sacks for her statement that she is an agent of the State of Connecticut.

## ARGUMENT

Ms. Sack' is likely to succeed on the merits of her appeal. This Court's denial of the Motion to Vacate Default Judgment was based on a wholly legal decision. Every facet of the Court's Memorandum and Order Denying Motion of Defendant for an Order Setting Aside the Default and Default Judgment (the "Default Judgment Opinion and Order") is subject to *de novo* review upon appeal. Ms. Sacks respectfully asserts that the Default Judgment Opinion and Order was incorrectly decided and will likely be reversed upon *de novo* review in the District Court.

**I.      The Default Judgment Opinion and Order was Based on a Wholly Legal Decision; Every Facet of the Default Judgment Opinion and Order is Subject to *de novo* Review in the District Court.**

"The existence of agency is ordinarily a question of fact but if the material facts are uncontested the agency relationship becomes a question of law." Galland v. Bishop, 2001 WL 56474 at *2 (Conn. Super. Ct. 2001)[1] (citing Hallas v. Boehmke & Dobosz, Inc., 686 A.2d 491, 499 (Conn. 1997) and Russo v. McAviney, 112 A. 657, 659 (Conn. 1921)); see also Brunswick Leasing Corp. v. Wisconsin Central, Ltd., 136 F.3d 521, 526 (7th Cir. 1998) (applying Illinois law and stating, "the existence of an agency relationship and its extent are questions of fact, but of course if the facts are undisputed the issues can be resolved as questions of law"); Schwartz v. Brownlee, 482 S.E.2d 827, 828 (Va. 1997) ("while there may have been a conflict in the *positions* taken by the parties with respect to the agency question, there was no conflict in the *facts* with respect to that question. When there is no substantial conflict in the facts and circumstances disclosed by the evidence, it becomes a question of law to be decided by the court whether one party was the agent of another.") (internal quotations and citation omitted); Manes

---

[1] Unreported cases cited herein are attached as "Exhibit A."

3

v. Coats, 941 P.2d 120, 123 (Alaska 1997) ("A court may rule on the existence and scope of an agency relationship which arises from undisputed facts."); Olsen v. Vail Associates Real Estate, Inc., 935 P.2d 975, 980 (Colo. 1997) ("Where there is no conflict in the facts which are alleged to have created the agency, the question of the existence of an agency relationship is a question of law."); Howard v. Dallas Morning News, Inc., 918 S.W.2d 178, 185 (Ark. 1996) ("Although agency is a question of fact ordinarily determined by the trier of fact, where the facts are undisputed, and only one inference can reasonably be drawn from them, it becomes a question of law."); Mitchell v. Ford Motor Credit Co., 688 P. 42, 47 (Okla. 1984) ("Where facts relied upon to establish the existence of the agency are undisputed and no conflicting inferences may be drawn therefrom, the question of whether an agency exists is one of law for the court.").

An agency is "the fiduciary relationship which results from manifestation of consent by one person to another that the other shall act on his behalf and subject to his control and consent by the other so to act." McDermott v. Calvary Baptist Church, 819 A.2d 795, 799 (Conn. 2003) (citing Restatement (Second), 1 Agency § 1 (1958)). Therefore, the three elements required to prove the existence of an agency relationship include: "(1) a manifestation by the principal that the agent will act for him; (2) acceptance by the agent of the undertaking; and (3) an understanding between the parties that the principal will be in control of the undertaking." Id.; Hallas v. Boehmke and Dobosz, Inc., 686 A.2d 491, 499 (Conn. 1997) (citing Restatement (Second), 1 Agency § 1, comment b (1958) and collecting other Connecticut Supreme Court cases).

The Liquidating Supervisor and U.S. Nursing have never challenged the State of Connecticut's public manifestation that Ms. Sacks would act on its behalf, as evidenced by the Order of the Appointment of Receiver entered by the Superior Court of Connecticut in Hartford

4

on October 19, 2001 and attached to the Motion to Vacate Default Judgment. <u>See</u> Motion to Vacate Default Judgment at ¶ 10. The Liquidating Supervisor and U.S. Nursing have never challenged Ms. Sacks' status as the State of Connecticut's nursing home receiver for the Five Facilities, which confirms her acceptance of the nursing home receivership. And, the Liquidating Supervisor and U.S. Nursing have never challenged that Ms. Sacks and the State of Connecticut operate under an understanding that the State of Connecticut ultimately is in control of Ms. Sacks' undertaking as its nursing home receiver for the Five Facilities. <u>See</u> Motion to Vacate Default Judgment at ¶ 13 ("Further evidencing her role *as an agent of the State of Connecticut*, Ms. Sacks takes direction in her duties from the Connecticut Superior Court, under the advice and consent of the Connecticut Department of Social Services, which finances the receivership.") (emphasis added). These facts constitute a *prima facie* showing under Connecticut law that, as the State of Connecticut's nursing home receiver for the Five Facilities, Ms. Sacks is an agent of the State of Connecticut. <u>McDermott v. Calvary Baptist Church</u>, 819 A.2d at 799.

Because the Liquidating Supervisor and U.S. Nursing failed to dispute any of the facts relied upon by Ms. Sacks in support of her agency for the State of Connecticut, this Court found *as a matter of law* that Ms. Sacks is not an agent of the State of Connecticut. <u>Galland v. Bishop</u>, 2001 WL 56474 at *2. The question of the existence of an agency between Ms. Sacks and the State of Connecticut became a question of law for this Court in the face of undisputed facts in support of Ms. Sacks' statement that she is an agent of the State of Connecticut. <u>Id.</u>

As a purely legal finding, the Court's finding that Ms. Sacks is not an agent of the State of Connecticut is subject to *de novo* review in the District Court. In light of (1) the stated facts in support of Ms. Sacks' agency for the State of Connecticut; (2) the lack of any dispute regarding

such facts; and (3) the legal standard for the existence of an agency under Connecticut law, Ms. Sacks respectfully asserts that she is likely to succeed in appealing this Court's finding that Ms. Sacks is not an agent of the State of Connecticut.

Ms. Sacks also respectfully asserts that she is likely to succeed in her appeal of this Court's interpretation of Conn. Gen. Stat. § 52-64 because that decision is also subject to *de novo* appeal in the District Court.[2]   As will be further developed on appeal, numerous canons of statutory construction and the weight of Connecticut authority on the issue support Ms. Sacks' assertion that service on an agent of the State of Connecticut *must* be effected by service on the Connecticut Attorney General.

## II.   Within the District of Delaware, "Likelihood of Success on the Merits of the Appeal" Means that an Appellant Has a "Substantial or Strong Case on Appeal."

In the Objection to Motion for Stay Pending Appeal, the Liquidating Supervisor and U.S. Nursing indulge in a somewhat confusing statement of the law of the District of Delaware concerning the first element of the standard to obtain a stay pending appeal.  See  The Hertz Corp. v. ANC Rental Corp. (In re ANC Rental Corp.), 2002 WL 1058196 at *2 (D. Del. 2002) (setting forth a four-prong test for an appellant to obtain a stay pending appeal, the first prong of which is that the appellant "has a likelihood of success on the merits of the appeal").  In the District of Delaware, "[l]ikelihood of success on the merits means that a movant has a 'substantial case or a strong case on appeal.'"  Morgan v. Polaroid Corp. (In re Polaroid Corp.),

---

[2] Through their counsel, the Liquidating Supervisor and U.S. Nursing characterize Ms. Sacks' arguments on appeal – as voiced through her undersigned counsel - as "disingenuous and ephemeral attempts to further delay consummation of USNC and the Liquidating Supervisor's Settlement, distribution of assets of the estates and closure of the bankruptcy cases."   Such emotional and incendiary language is unfortunate and not reflective of the discourse normally shared among Delaware attorneys.   This unwarranted and unfounded allegation does not merit a response.

2004 WL 253477 at *1 (D. Del. 2004) (citing In re The Columbia Gas System, Inc., 1992 U.S.

Dist. LEXIS 3253 at *4 (D. Del. 1992) (in turn quoting In re Public Serv. Co. of N.H., Inc., 116

B.R. 347, 349 (Bankr. D.N.H. 1990)).  The Liquidating Supervisor and U.S. Nursing incorrectly

state that Ms. Sacks "wants to borrow from" an opinion of the U.S. Bankruptcy Court for the

District of New Hampshire, In re Public Service Company of New Hampshire, 116 B.R. 347

(Bankr. D.N.H. 1990), to establish a "more lenient" standard than is allowed in the District of

Delaware.  Further, the Objection to Motion for Stay Pending Appeal incorrectly states that Ms.

Sacks' position on this issue is supported by only one case, In re The Columbia Gas System,

Inc., 1992 U.S. Dist. LEXIS 3253 *4 (D. Del. 1992).  The Liquidating Supervisor and U.S.

Nursing also incorrectly cite In re Polaroid Corp., 2004 WL 253477 at *1 (D. Del. 2004) as

authority for the proposition that "Delaware courts have repeatedly endorsed the 'likelihood of

success on the merits' requirement."  See Objection to Motion for Stay Pending Appeal at ¶ 17.

As stated in the Motion for Stay Pending Appeal, In re Polaroid stands for the opposite of

what the Liquidating Supervisor and U.S. Nursing represent.

> "Likelihood of success on the merits" means that an appellant has
> a "substantial or a strong case on appeal."  In re The Columbia Gas
> System, Inc., 1992 U.S. Dist. LEXIS 3253 at *4 (quoting In re
> Public Serv. Co. of N.H., 116 B.R. 347, 349 (Bankr. D.N.H.
> 1990)).

In re Polaroid, 2004 WL 253477 at *1.  Thus, In re Polaroid explicitly relies upon the very cases

that the Liquidating Supervisor and U.S. Nursing dismiss as "generally not followed" and "not

generally . . . adopted."  See Objection to Motion for Stay Pending Appeal at ¶¶ 17 and 18.  It

should also be noted that In re Polaroid was decided by the same widely respected jurist who

decided another case relied upon by the Liquidating Supervisor and U.S. Nursing to show that

Delaware courts have not adopted the "substantial case" interpretation of the "likelihood of

success on the merits" element of Rule 8005 of the Federal Rules of Bankruptcy Procedure. <u>See</u> <u>In re ANC Rental Corp.</u>, 2002 WL 1058196 at *2 (U.S. District Judge Farnan). Thus, if Ms. Sacks hopes to "borrow" from the U.S. Bankruptcy Court for the District of New Hampshire, it is only because at least two opinions from the U.S. District Court for the District of Delaware, including <u>In re Polaroid</u>, have already done so.

The Liquidating Supervisor's and U.S. Nursing's recitation of the law of the District of Delaware on this issue is incorrect. There is considerable authority in the District of Delaware, in addition to the thorough statement of policy in the Motion for Stay Pending Appeal, to show that the "likelihood of success on the merits" element of the standard to obtain a stay pending appeal should be interpreted as meaning that the appellant has a "substantial case on appeal." <u>See</u> <u>In re Polaroid</u>, 2004 WL 253477 at *1. Ms. Sacks has established a likelihood of success on the merits of her appeal because she has shown that she has a substantial case on appeal.[3]

---

[3] Ms. Sacks respectfully states that she has, under any interpretation of this equity-derived test, established a likelihood of success on the merits of her appeal.

8

## **CONCLUSION**

For the foregoing reasons as well as those set forth in the Motion for Stay Pending

Appeal, Ms. Sacks respectfully restates her request that this Court enter an Order staying

enforcement of the Default Judgment Opinion and Order, the Settlement Agreement Order, and

all other proceedings related to the above-captioned adversary proceeding pending the

disposition of Ms. Sacks' appeals of those Orders to the United States District Court for the

District of Delaware.


Dated:  July 29, 2005                    Respectfully submitted,
Wilmington, Delaware

                         By:
                                         Mark W. Eckard (No. 4542)
                                         REED SMITH LLP
                                         1201 Market Street, Suite 1500
                                         Wilmington, DE  19801
                                         Telephone:  (302) 778-7550
                                         Facsimile:  (302) 778-7575
                                         E-mail: MEckard@ReedSmith.com

                                         Counsel for Katharine B. Sacks, Receiver
                                         for Five Facilities Formerly Owned and
                                         Operated by Pegasus Management Co., Inc.